IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIARA THIBAULT, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff TIARA THIBAULT (hereinafter, "Plaintiff"), a Massachusetts resident, brings this class action complaint by and through the undersigned attorneys, Marcus & Zelman, against Defendant CONVERGENT OUTSOURCING, INC., (hereinafter "Defendant").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action after Defendant repeatedly called her, on her cellular phone, during working hours. These calls continued after the Plaintiff told the Defendant to stop calling, and that these calls during her working hours were inconvenient to her, which instructions were understood and acknowledged by the Defendant's representative.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt

1

collectors from engaging in abusive, deceptive and unfair practices.

5. Defendant's actions further violated § 227 et seq. of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA") which prohibits the placement of automated calls to cellular phones with the prior, express consent of the called party.

6. Finally, Plaintiff brings a claim on behalf of herself and all other similarly situated Massachusetts consumers, who – like Plaintiff – were illegally called by the Defendant more than twice a week in an attempt to collect a consumer debt.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of Worcester, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant Convergent Outsourcing, Inc., (hereinafter referred to as "Convergent"), is a collection agency, with its principal place of business in Renton, Washington.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. Sometime prior to June 7, 2019 an obligation was allegedly incurred by the Plaintiff to Sprint with regards to her personal cellular phone bill.

15. The Sprint obligation arose out of a transaction for the Plaintiff's personal cell phone bill, which is a service in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Sprint obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. Sprint is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Sprint directly or through an intermediary contracted the Defendant to collect the alleged debt.

19. On or about June 7, 2019, the Defendant called the Plaintiff on her cellular phone number (917) 363-6483 while she was at work.

20. Plaintiff is the subscriber and sole regular and customary user of the cellular phone number (917) 363-6483.

21. On the June 7, 2019, the Plaintiff specifically advised the Defendant that they were calling her during work hours which was inconvenient to her, and that the Defendant should stop calling her.

22. Despite this request, the Defendant again called the Plaintiff twenty minutes later.

23. Defendant refused to stop calling the Plaintiff and continued calling her cell phone incessantly to collect this Sprint bill.

24. For example, on June 10 and June 11, 2019, Defendant called the Plaintiff 9 times each day, often at 30 minute intervals.

25. The vast majority of these calls were placed while Plaintiff was at work, repeatedly disrupting her work day.

26. When the Plaintiff answered the phone, there was typically no customer service representative on the phone. Instead, the Plaintiff would have to say 'Hello' several times

until a customer service representative was eventually connected to the line after a lengthy pause.

# COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*
### (Individual Claim On Behalf Of Plaintiff)

27. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

28. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

29. Pursuant to 15 U.S.C. §1692c(a)(1), a debt collector may not call a debtor at a time or place known or which should be known to be inconvenient to the consumer.

30. The Defendant repeatedly violated 15 U.S.C. §1692c(a)(1), by continuously calling the Plaintiff on her cell phone while she was at work during her working hours, even after the Plaintiff specifically advised the Defendant that these calls were disrupting her work and were inconvenient.

31. By continuing to call the Plaintiff during work hours after specifically being requested to stop, Defendant violated the FDCPA and harmed the Plaintiff.  Defendant's violations of the FDCPA also caused actual harm to the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

32. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure

4

compliance with the law.

33. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692d *et seq.***
**(Individual Claim On Behalf Of Plaintiff)**

34. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

36. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

37. 15 U.S.C. § 1692d(5) specifically prohibits a debt collector from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

38. The Defendant repeatedly violated 15 U.S.C. §1692d(5), by continuously calling the Plaintiff on her cell phone while she was at work during her working hours, even after the Plaintiff specifically advised the Defendant that these calls were disrupting her work and were inconvenient.

39. The Defendant further violated 15 U.S.C. §1692d(5) by repeatedly barraging the Plaintiff with nonstop calls, 9 times a day, with some calls only minutes apart, all with the intent to

5

annoy, abuse, and harass into paying her alleged Sprint debt.

40. By subjecting the Plaintiff to harassing and incessant collection calls, Defendant violated the FDCPA and harmed the Plaintiff. Defendant's violations of the FDCPA also caused actual harm to the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

41. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §227 *et seq.***
**(Individual Claim On Behalf Of Plaintiff)**

43. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

44. As alleged above, Defendant placed numerous calls to the Plaintiff's cellular phone number throughout the past year.

45. Plaintiff never provided Defendant with her consent to be called on her cellular phone.

46. Even if the Plaintiff had ever provided Defendant with her consent to be called, Plaintiff subsequently revoked her consent to be called on June 7, 2019.

47. Despite Plaintiff's request for the calls to stop, Defendant continued to call Plaintiff's cellular telephone with an automated telephone dialing system.

48. Defendant's use of an automated telephone dialing system was clearly indicated by the fact that no customer service representative was on the line immediately when the Plaintiff would answer the Defendant's calls. Instead, the customer service representative would only come on the line *after* the call was placed, *after* the Plaintiff answered the phone, and *after* the Plaintiff would repeatedly state 'Hello'.

49. This is indicative of the automated voice recognition aspect of automated telephone dialing systems, which automatically place thousands of calls, and then route the answered calls to a (hopefully) available customer service representative.

50. Defendant's use of an automated telephone dialing system was further indicated by the sheer number of calls that were placed like clockwork, in roughly thirty minute intervals, 9 times a day, every day.

51. Defendant's calls directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendant lacked any prior express consent of the Plaintiff to place such automated calls to her cellular phone.

52. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

53. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

54. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew that it did not

have the Plaintiff's consent to call the Plaintiff's cellular phone, but it continued to do so nonetheless.

55. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

## COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### Mass. Gen. Laws Ch. 93A
### (Claim On Behalf Of Plaintiff And The Class)

56. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. General Laws c. 93A, § 2(a), prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

58. The Massachusetts Attorney General is empowered to implement rules and regulations interpreting this provision. G. L. c. 93A, § 2(c).

59. In 2012, the Attorney General amended the regulation, 940 Code Mass. Regs. 7.04(1)(f), to provide that it is unfair and deceptive for a debt collector to call a debtor more than twice per week, per debt, unless the communication is in response to the debtor's request for the call.  *See,* 940 CMR 7.04(1)(f).

60. Defendant repeatedly flouted 940 CMR 7.04(1)(f), by calling the Plaintiff far in excess of this 2-call-per week limitation, all for a single Sprint bill.

61. For example, on June 10 and June 11, 2019, Defendant called the Plaintiff 9 times each day, often at 30 minute intervals, regarding a single Sprint bill.

8

62. For another example, between June 10 and June 17, 2019 – a one week period of time - Defendant called the Plaintiff at least 34 times regarding a single Sprint bill.

63. Plaintiff has never requested any of these communications.

64. By subjecting the Plaintiff to harassing and incessant collection calls, Defendant violated General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f) and harmed the Plaintiff. Defendant's violations of General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f) also caused actual harm to the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

65. Defendant's incessant debt collection calls also harmed the Plaintiff by (a) causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, (b) by inconveniencing and distracting the Plaintiff, particularly when she was at work, (c) by invading the Plaintiff's personal privacy and right to be left alone, (d) by wasting the battery life of the Plaintiff's cell phone which would drain away because of these nonstop calls, and (e) by wasting the Plaintiff's time and energy tending to these incessant calls.

66. Upon information and belief, Defendant's willful disregard of the 2-call-per-week limitation is not limited to Plaintiff's unique case, but is instead Defendant's standard practice and policy.

67. Plaintiff therefore bring this claim on behalf of herself and a class of similarly situated consumers pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

68. The class consists of (a) all consumer residing in the Commonwealth of Massachusetts who, (b) within four years prior to the filing of this action, (c) received in excess of two

telephone calls regarding a debt from Convergent within a seven-day period to their residence, cellular telephone, or other provided telephone number.

69. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect debts.

70. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

71. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's practice, of calling consumers far in excess of two times per week, violates General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f).

72. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

73. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

74. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would

  be impractical.

(b)  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's practice, of calling consumers far in excess of two times per week, violates General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f).

(c)  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

75. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

76. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

77. By reason thereof, Defendant is liable to the Plaintiff and the class for judgment that Defendant's conduct violated General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f), statutory damages, trebled damages, costs and attorneys' fees.

78. On or about July 8, 2019 – more than thirty days before this lawsuit was filed – a demand letter was mailed to Defendant, setting forth Plaintiff's claim under General Laws c. 93A.

79. No response to this Demand Letter was ever received from Defendant.

## DEMAND FOR TRIAL BY JURY

80. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

  (a) On Count I, awarding Plaintiff statutory damages, along with her attorneys' fees and expenses incurred in bringing this action;

  (b) On Count II, awarding Plaintiff statutory damages, along with her

attorneys' fees and expenses incurred in bringing this action;

(c)   On Count III, awarding Plaintiff statutory damages, along with trebled statutory damages;

(d)   On Count IV, certifying this case as a class action, appointing Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel, and awarding Plaintiff and the Class statutory damages, trebled damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c)   Awarding pre-judgment interest and post-judgment interest; and

(f)   Awarding Plaintiff and the class such other and further relief as this Court may deem just and proper.

Dated: February 7, 2020

By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO:  680950
Rights Protection Law Group, PLLC
100 Cambridge Street, Suite 1400
Boston, Massachusetts 02114
Phone: (617) 340-9225
Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300 Asbury Park, New Jersey 07712 (732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice Motion To Be Filed**